UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOSMANIS ALFONSO CRUZ,

       Petitioner,

    v.                             Case No.:  2:26-cv-01521-SPC-KRH

WARDEN OF ALLIGATOR
ALCATRAZ *et al.*,

       Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Yosmanis Alfonso Cruz's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Alfonso Cruz's reply (Doc. 7).

Alfonso Cruz is a native of Cuba who was entered the United States by boat in 2006 and was later paroled into the country.  An immigration judge ordered him removed *in absentia* on June 19, 2008.  On June 13, 2011, Customs and Border Patrol interdicted Alfonso Cruz in a boat heading toward the U.S. with five migrants.  He was later convicted of illegal entry after deportation.  In 2014, Alfonso Cruz was convicted of cocaine possession and sentenced to 33 months' incarceration.  An immigration judge ordered Alfonso Cruz removed to Cuba again on November 16, 2015.  Immigration and Customs Enforcement ("ICE") released him on an order of supervision on September 6, 2016.

On March 19, 2026, Alfonso Cruz reported to ICE for a routine check-in, and ICE revoked his release and detained him.  He is currently detained at Port Isabel Service Processing Center.  Alfonso Cruz challenges the legality of his detention under the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the regulations governing revocation of orders of supervision.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus

an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Alfonso Cruz's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Alfonso Cruz has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The

government was unable to remove him in 2015, and they have provided no plan or timeline for removal since his re-detention in March. The burden thus shifts to the respondents, but they make no attempt at rebuttal. The Court finds no significant likelihood Alfonso Cruz will be removed in the reasonably foreseeable future.

However, assuring the presence of a noncitizen at the moment of removal is not the only statutory justification for immigration detention. "The second justification—protecting the community—does not necessarily diminish in force over time." *Zadvydas*, 533 U.S. at 690. The Supreme Court has "upheld preventative detention based on dangerousness only when limited to specially dangerous individuals and subject to strong procedural protections." *Id*. Given Alfonso Cruz's criminal history, the Court will give ICE an opportunity to determine whether his detention is necessary to protect the community.

Accordingly, it is hereby

**ORDERED:**

Yosmanis Alfonso Cruz's Petition for Writ of Habeas Corpus (Doc. 1) remains under advisement.

1. Within 30 days of this Order, ICE shall conduct a custody review to determine whether Alfonso Cruz poses a danger to the community sufficient to justify continued detention.

2. Within seven days of the custody review, the respondents shall file a supplemental response, addressing the results of the review and any updates on removal efforts.  If ICE determines continued detention is appropriate, the respondents must explain why.

3. Alfonso Cruz may file a reply within three days of the supplemental response.

**DONE AND ORDERED** in Fort Myers, Florida on May 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record